# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Kevin Andrew Isom, | No. CV-22-01084-PHX-JJT (DMF) |
| Petitioner, | **ORDER** |
| v. | |
| Mark Brnovich, *et al.*, | |
| Respondents. | |

At issue is the Report and Recommendation (Doc. 21, "R&R") entered in this matter by United States Magistrate Judge Deborah M. Fine recommending that the Court dismiss with prejudice the Amended Petition Under 28 U.S.C. Section 2254 for Writ of Habeas Corpus by a Person in State Custody (Doc. 11) as untimely, and deny the Motion to Release Petitioner Pending Final Decision (Doc. 15). In the R&R, Judge Fine warned the parties that they had fourteen days from service of the R&R to file specific objections thereto, and that "[f]ailure to file timely objections to the Magistrate Judge's [R&R] may result in the acceptance of the [R&R] by the District Court without further review. See *Reyna v. Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003)." (R&R at 3.) As the case is subject to electronic filing (Doc. 3) and Petitioner has access to CM/ECF, the R&R was served on him upon its entry into ECF, on April 12, 2023, and his fourteen days to object to the R&R ran on April 26, 2023. Nearly two months have passed since that deadline and Petitioner still has filed no objections to the R&R. The Court thus may accept the R&R without further review. It nonetheless reviews the recommendations and their bases on their merits, and upon doing

so, concludes Judge Fine's thorough and exhaustive reasoning is sound and fully supported in the law.

Petitioner's first PCR proceedings regarding Count 1—one of two counts at issue here—ceased pending on November 10, 2020, and AEDPA's one-year limitations period began running the next day; thus the last day for him to file a Petition under Section 2254 was November 12, 2021. He did not file his Amended Petition addressing the grounds in Count 1 until October 14, 2022, and therefore was over eleven months outside the limitations period, even with statutory tolling during his PCR review of Count 1.

Petitioner's first PCR proceedings regarding Count 2 became final on December 15, 2020, and AEDPA's limitations prior began to run the next day, expiring on December 16, 2021. Again, he did not file his Petition in this matter addressing the grounds in Count 2 until October 14, 2022, which was almost ten months too late.

As Judge Fine correctly noted, Petitioner did not argue that equitable tolling applied in his case. Nor did he argue actual innocence. His Petition as to both Counts 1 and 2 is thus untimely without excuse or exception, and therefore must be dismissed as such.

**IT IS ORDERED** adopting Judge Fine's R&R in its entirety.

**IT IS FURTHER ORDERED** dismissing with prejudice as untimely the Petition Under 28 U.S.C. Section 2254 for Writ of Habeas Corpus by a Person in State Custody (Doc. 11) and ordering the Clerk of Court to terminate this matter.

**IT IS FURTHER ORDERED** denying the Motion to Release Petitioner Pending Final Decision (Doc. 15) upon a conclusion that Petitioner has shown no likelihood of success on the merits.

**IT IS FURTHER ORDERED** denying a certificate of appealability in this matter. The dismissal is based on a plain procedural bar. Reasonable jurists would not find that ruling debatable.

Dated this 16th day of June, 2023.

Honorable John J. Tuchi
United States District Judge